**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Ryan L. McBride (SBN: 297557)
ryan@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI STEWART, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IQ Data International, Inc.,<br><br>Defendant. | Case No.:<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PEN. CODE §§ 630, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

| Case No.: | *Stewart, et al. v. IQ Data International, Inc.* |
|---|---|
| **COMPLAINT** | |

# INTRODUCTION

1. Plaintiff, GIOVANNI STEWART ("Plaintiff"), brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant, IQ DATA INTERNATIONAL, INC., ("Defendant"), and its related entities, subsidiaries, and agents, in knowingly and/or willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff and the putative class members without the knowledge or consent of Plaintiff and the putative class, in violation of California Penal Code §§ 630 *et seq*. ("CIPA"), thereby invading Plaintiff and the putative class members' privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. Penal Code § 632.7 is violated ***the moment the recording is made*** without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| Case No.: | 1 of 11 | *Stewart, et al. v. IQ Data International, Inc.* |

**COMPLAINT**

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d) ("CAFA"), which provides for original jurisdiction of the federal courts of any class action in which any member of the class is a citizen of a state different from the defendant, and in which the matter in controversy exceeds, in the aggregate, the sum of $5,000,000, exclusive of interest and costs.

8. The total claims of individual class members in this action are well in excess of $5,000,000, because Plaintiff seeks $5,000 in damages for each violation of the CIPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold. Further, on information and belief, Defendant has made thousands of telephone calls in which Defendant illegally recorded Plaintiff and the putative class members, without their knowledge or consent, thereby satisfying the requirements under 28 U.S.C. § 1332(d)(2), (5).

9. Based on the belief that thousands of individuals in California would be included in any certified class, the numerosity requirement, exceeding forty members, is satisfied, pursuant to 28 U.S.C. § 1332(d)(5)(B).

10. Plaintiff is a citizen of California and Defendant is a citizen of Washington. Therefore, diversity of citizenship exists under CAFA as defined by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

11. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because Plaintiff resides within this judicial district; a substantial part of the events giving rise to Plaintiff's claims against Defendant occurred within this judicial district (Plaintiff's telephone calls were illegally recorded while Plaintiff was in this judicial district); and Defendant conducts business in the County of Riverside, within this judicial district.

## PARTIES

12. Plaintiff is, and at all times mentioned herein, was an individual citizen and resident of the City of Riverside, County of Riverside, State of California.

13. Defendant is, and at all times mentioned herein, is a Washington for profit corporation whose primary corporate address is located in Bothell, Washington.[1]

14. Defendant is, and at all times mentioned herein, was a corporation and a "person," as defined by California Penal Code § 632(b).

15. Defendant has a policy and practice of recording telephone conversations with the public, including California residents.

16. Defendant's employees and agents are directed, trained, instructed to, and do record its telephone conversations with the public, including California residents.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant placed calls to residents of the State of California, for the purpose of debt collection and therefore conducted business within the State of California.

## FACTUAL ALLEGATIONS

---

[1] Washington Secretary of State, Business Search, https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation (last date accessed April 7, 2022).

Case No.:            3 of 11      *Stewart, et al. v. IQ Data International, Inc.*
**COMPLAINT**

18. Between February 4, 2020 and April 14, 2020, Defendant placed three phone calls to Plaintiff. Plaintiff is informed and believes the calls were made on February 4, 2020, March 30, 2020, and April 14, 2020.

19. Plaintiff did not become aware the beginning of the three calls were being recorded until Plaintiff received the recordings in relation to another unrelated lawsuit on March 9, 2022.

20. Plaintiff is informed and believes that Defendant was attempting to collect a debt from Plaintiff at the time of these phone calls.

21. Plaintiff had allegedly fallen behind on Plaintiff's rental payments and the purpose of Defendant's phone calls was to collect payment from Plaintiff.

22. All three of the phone calls by Defendant were made to Plaintiff's cell phone number ending 0978.

23. Plaintiff had a reasonable expectation that these telephone conversations with Defendant would not be recorded due to the private subject matter being discussed, which involved Plaintiff's personal financial affairs.

24. Defendant's representative did not inform Plaintiff that the telephone call was being recorded until after all of the following happened on each of the three calls: 1) Plaintiff provided his personal identification information and confirmed his identity; 2) Defendant disclosed the original creditor and the identity of Defendant calling; and 3) Defendant disclosed the amount of the balance on the account that was in collection. Only after Defendant went addressed the three issues in this paragraph did Defendant's representative disclose that the call was being recorded.

25. Based on the three recordings, it is clear that Defendant used a standard script to call Plaintiff that it uses with all of its collection calls with the putative class members.

26. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and practice of recording all telephone conversations with consumers.

27. Plaintiff was shocked to discover that Defendant began recordings its conversations with Plaintiff at the outset of its calls prior to disclosing to Plaintiff that the calls were being recorded.

28. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy of using the same script in its conversations with consumers. Plaintiff alleges Defendant uses the same script on all other consumers. The script used in each recorded call with Plaintiff is as follows:

> We are required to notify on a recorded line that this is an attempt to collect a debt by a debt collector any and all information is obtained for that purpose. This call may be recorded. Mr. Stewart we would like to know what your intent is on recovery so we can stop collection action against you.

29. Plaintiff found Defendant's secretive recording to be highly offensive.

30. Plaintiff was personally affected by Defendant's aforementioned conduct in that Plaintiff was shocked and upset that Defendant audio recorded one or more cellular telephone conversations with Plaintiff, or portions thereof, without Plaintiff's knowledge or consent.

31. Plaintiff is informed and believes, and thereon alleges that presently, Defendant installed and/or caused to be installed certain recording equipment on its employees' or agents' telephone lines.

32. Defendant used these recording devices to record each and every telephone conversation on said telephone lines.

33. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant caused all of its calls to the public, including those made to California residents, to be recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

34. Furthermore, Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant uses the same generic transcript coaching its employees to say the same thing to Plaintiff and other California residents.

35. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]". California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

36. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

37. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

38. Defendant and its employees and agents surreptitiously recorded the calls made by Defendant to Plaintiff. At no time before the calls or at the outset of the calls was Plaintiff warned, told, advised, or otherwise given any indication by Defendant, its employees or agents, that the calls were being recorded.

39. As a result, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

40. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

42. Plaintiff represents, and is a member of, the Class, consisting of: All persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent/s from February 4, 2020 through the date of filing this Complaint.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

44. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendants' agent's records.

46. There is a well-defined community of interest in the questions of law and fact involved which affect the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether Defendant has a policy of recording incoming and/or outgoing calls;

    b. Whether Defendant has a policy of using the same script for each incoming and/or outgoing calls;

    c. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

    d. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations are being recorded;

    e. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constitutes a violation of California Penal Code § 632.7;

    f. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    g. Whether Defendant should be enjoined from engaging in such conduct in the future.

47. Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or

three times actual damages per violation pursuant to California Penal Code § 637.2(a).

48. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION:
## ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS PURSUANT TO CAL. PEN. CODE § 632.7

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
54. At all relevant times hereto, Defendant has and follows a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.
55. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.
56. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members that their cellular telephone communications with Defendant would be recorded.
57. At all relevant times hereto, Defendant has and implements a script which is only read to Plaintiff and Class Members regarding that the call is being recorded only after Defendant obtains private, identifying information.
58. Defendant failed to obtain consent of Plaintiff and the Class Members prior to the recording of their cellular telephone conversations.
59. This conduct by Defendant violated section 632.7(a) of the California Penal Code.
60. Plaintiff and Class Members are entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.
61. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class Members seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff and the

Class members the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class;
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class;
- Special, general, compensatory, and punitive damages;
- As a result of Defendant's violation of California Penal Code Sections 630 *et seq.*, Plaintiff seeks statutory damages in the amount of $5,000 per violation, pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff, and;
- Any other relief the Court may deem just and proper including interest.

62. Trial By Jury

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

Date: April 26, 2022  **KAZEROUNI LAW GROUP, APC**

By: */s Ryan L. McBride*
Ryan L. McBride, Esq.
*Attorneys for Plaintiff*